IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 06-1910-TUC-JMR(JCG) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Theodore Edward Norris, | |
| Defendant. | |

Defendant Theodore Norris has filed four pretrial motions: Request for Disclosure of Jencks Information (Doc. No. 23); Brady Request (Doc. No. 24); Request for Disclosure Under Rule 16 (Doc. No. 25); and Henthorn Requests. (Doc. No. 26.) The District Court has referred this case to the Magistrate Judge for hearing on pretrial motions. A hearing on the Motions was held on May 17, 2007.

Background

On November 15, 2006, the Defendant was indicted. The indictment alleges that on October 18, 2006, the Defendant possessed with intent to distribute approximately 161 kilograms of marijuana in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(B). Currently, trial is set for July 10, 2007, at 9:30 a.m. The plea deadline is June 22, 2007.

Analysis

Jencks Act.

The government indicated that, pursuant to the parties' early-Jencks disclosure agreement, it had already provided to the defendant, all agents' reports in its possession, and that the government would provide any additional discovery materials as soon as practicable after receipt. The government indicated that it is aware of the existence of one additional report which contains statements of Genise Harvey, the owner of the vehicle driven by the defendant, and that the government would provide that report when received. Accordingly, the Magistrate Judge recommends that the Motion for Jencks Act disclosure be granted.

Grand Jury Transcripts.

The government stated that it would order transcripts of the grand jury testimony and when received, the transcripts will be submitted to the Court for in camera review as to particularized need for disclosure to the defendant. The Magistrate Judge recommends that the request for an order for production of grand jury transcripts be granted.

Brady Request.

The government indicated that it was aware of its disclosure obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The government indicated that it has complied with and will continue to comply with its obligation. The government further stated that it was not able to and would not provide photos of the agents' shoe prints as the officers do not recall the shoes they were wearing at the relevant time. At hearing, the Defendant acknowledged that the government would not be able to provide evidence pertaining to the agents' shoes. Defendant also specifically requested information pertaining to Genise Harvey, including the witness' statements and information about her background and criminal history. The government requested reciprocal discovery as to Ms. Harvey. The Defendant indicated that he would be providing to the government information regarding Ms. Harvey.

The Magistrate Judge recommends that Defendant's Motion for Brady materials be

granted to the extent such evidence exists. The government, however, should not be required to provide photographs of the soles of the shoes worn by all officers present at the crime scene as that evidence is not available and it is not clear how this evidence would be material and favorable to the guilt or punishment of the Defendant.

Rule 16 Disclosure.

The government indicated that it was aware of and would comply with its obligations pursuant to Rule 16, including disclosure of Rules 404(b) and 609, Fed. R. Evid., information. The Defendant noted that the government had filed a notice of intent to introduce the Defendant's prior convictions, but that the disclosure indicated a law enforcement contact, not a conviction. The government agreed to provide further information. The government further indicated that it has directed agents to preserve rough notes, but will not disclose those notes unless ordered to do so by the Court because, pursuant to United States v. Carrasco, 537 F.2d 372, 277 (9th Cir. 1976), preliminary notes used to prepare a report are not disclosable statements under the Jencks Act unless the witness signed, adopted or approved them. The Defendant agrees that it is not entitled to the rough notes of the agents except in the specific circumstances permitted in the Jencks Act or to the extent that the notes constitute Brady material or evidence favorable to the defendant.

Therefore, the Magistrate Judge recommends that the Motion for Rule 16 be granted, except to the extent that the Motion seeks disclosure of a witness' rough notes, of which disclosure is not required unless the witness signed, adopted, or approved the notes or to which some other duty to disclose exists, such as Brady obligation.

Henthorn Request.

The defendant requests disclosure of material information favorable to the defendant or, if the government is uncertain about the materiality of the information, submission of the material to the court for in camera review. The government indicated it was aware of its Henthorn obligation, had no objection to providing the requested information, and will

1 request agency counsel to review relevant personnel files and inform the court of the results
2 of the review for possible in camera inspection. The government further represented that any
3 <u>Brady</u> material found in the files would be disclosed to defense counsel. Thus, the
4 Magistrate Judge recommends that the Defendant's Motion be granted to the extent such
5 material exists.

7 <u>Reciprocal Disclosure.</u>

8 In its response, the government made demand for reciprocal disclosure pursuant to the
9 early-Jencks Act agreement, and Rules 16(b), 12 and 26, Fed.R.Crim.P.  The government
10 requests that the defendant disclose all "books, papers, documents [and] tangible objects"
11 which the Defendant intends to introduce at trial and the results of reports of physical or
12 mental examinations and scientific tests or experiments that the Defendant intends to
13 introduce or which were prepared by a witness that Defendant intends to call at the trial. At
14 hearing, the Defendant acknowledged his obligation to provide disclosure and indicated he
15 would be doing so. Thus, the Magistrate Judge recommends the government's request for
16 reciprocal disclosure be granted.

18 <u>Recommendation:</u>

19 In view of the foregoing, the magistrate recommends that the District Court, after its
20 independent review of the record, enter an order:
21 GRANTING the Motion for Jencks Act material (Doc. No. 23) and requiring the
22 government to order for production to the Court grand jury transcripts;
23 GRANTING the Defendant's Motion for <u>Brady</u> materials (Doc. No. 24) to the extent
24 such evidence exists, but denying the request that the government provide photographs of the
25 soles of the shoes worn by all officers present at the crime scene;
26 GRANTING the Motion for Rule 16 disclosure (Doc. No. 25), except to the extent that
27 the Motion seeks disclosure of a witness' rough notes, of which disclosure is not required
28

1  unless the witness signed, adopted, or approved the notes or to which some other duty to
2  disclose exists, such as <u>Brady</u> obligation;
3     GRANTING the Defendant's Motion for <u>Henthorn</u> material (Doc. No. 26) to the extent
4  such material exists; and
5     GRANTING the government's request for reciprocal disclosure (Doc. No. 36).
6     Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within
7  10 days of being served with a copy of this Report and Recommendation.  Any objections
8  filed should use the following case number: CR 06-01910-JMR.  If objections are not timely
9  filed, they may be deemed waived.
10    DATED this 22nd day of May, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge